## HARRIS v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

| 89 | 233 |
|---|---|
| 36a | 619 |
| 36a | 679 |
| 89 | 233 |
| 41a | 437 |
| 89 | 233 |
| 124 | 342 |
| 89 | 233 |
| 83a | 541 |
| 83a | 542 |
| 89 | 233 |
| f 84a | 502 |
| 89 | 233 |
| d166 | 463 |
| 90a | 387 |

1. **Practice : DEMURRER : CASE ADJUDGED.** A demurrer to the evidence admits not only the truth of the facts disclosed by it, but, also, every inference in favor of the plaintiff which could be reasonably deduced from them, and the court did not err, in this case, in overruling it.

2. **Railroads : NEGLIGENCE : PASSENGER ON FREIGHT TRAIN.** Discomforts and dangers are more incident to travel on freight than on passenger trains, and a passenger on the former is called upon to exercise a higher degree of care than on the latter, and where a passenger on the former, by the exercise of ordinary care, could have known that the train had stopped to do switching, and that a part of the train was likely to be backed against the part to which the caboose was attached, which would probably produce concussion in the caboose, and he, without thinking of these things, left his seat and stood up in the car, and was thrown down and injured by the backing of the train, when he would not have been had he kept his seat, or resumed the same before the car struck, he is guilty of such contributory negligence as bars his recovery.

*Appeal from Marion Circuit Court.*—HON. THEO. BRACE, Judge.

REVERSED.

*Vinton Pike* and *Strong & Mosman* for appellant.

(1) The court should have sustained defendant's demurrer to the evidence, and failing to do this erred in refusing to sustain defendant's motion for a new trial on the ground that the verdict is against the evidence and contrary to law. *Powell v. Railroad,* 76 Mo. 80 ; *Randall v. Railroad,* 109 U. S. 478; *Murch v. Railroad,* 29 N. H. 42 ; *Railroad v. Hazzard,* 26 Ill. 373 ; *Railroad v. Fay,* 16 Ill. 568 ; *Railroad v. Jones,* 95 U. S.

439; *Railroad v. Judson*, 34 Mich. 34; *Brown v. Railroad*, 49 Mich. 153; *Abend v. Railroad*, 19 C. L. J. 350, and note; *Smith v. Railroad*, 61 Mo. 590-1. (2) Plaintiff's first instruction is too general. It refers the whole question of negligence, or care, to the jury. *Yarnall v. Railroad*, 75 Mo. 583. (3) The second instruction is erroneous in ignoring the question of plaintiff's knowledge that switching was being done, and a jolt was likely to occur, and withdraws from the consideration of the jury all the attendant circumstances. *Barton v. Railroad*, 52 Mo. 256-7; *Staples v. Canton*, 69 Mo. 592-4; *Doss v. Railroad*, 59 Mo. 37; *Strauss v. Railroad*, 75 Mo. 185; *Price v. Railroad*, 72 Mo. 418; 2 Rorer on Railroads, 947. Said instruction is inapplicable to the evidence in this case. (4) The eleventh instruction should have been given. It was based on the facts and circumstances of this case, which, if found as stated in that instruction, would in law amount to negligence on the part of plaintiff.

*W. N. Boulware* for respondent.

NORTON, J.—This is an action to recover damages for injuries to plaintiff while a passenger on one of defendant's trains, and alleged to have been occasioned by the carelessness and negligence of defendant's servants in managing the train, whereby he was thrown down on the floor of the car and seriously injured. The answer was a general denial, and also set up contributory negligence on the part of plaintiff. The case is before us on defendant's appeal from the judgment rendered for plaintiff. At the close of plaintiff's evidence defendant asked an instruction by way of demurrer to it, which the court overruled, and this action of the court is assigned as one of the grounds of error.

The only witness on behalf of plaintiff, as to the circumstances under which the injury complained of was

inflicted, was the plaintiff himself, who testified, in sub-
stance, that he took passage in a caboose attached to one
of defendant's freight trains, to be carried from Pal-
myra to West Quincy; that the train, before reaching
the depot at West Quincy, stopped about a quarter of a
mile therefrom; that ten or fifteen minutes after it
stopped he got up to see if he was to get off there, it
occurring to him that he had seen a notice that passen-
gers would be expected to alight when the train stopped;
that he knew the train was not at the depot; that the
train generally went further east toward the depot than
it did on this occasion before it stopped; never had
known it to stop so far away to let passengers off, sup-
posed they were going down to the depot till they re-
mained there longer than usual; that while he was
walking to the door of the car a coupling was made,
causing a more violent concussion or jar than he ever
before experienced, though he had been in the habit of
riding on trains for many years, which threw him down
on the floor of the car, inflicting the injury for which
he sued; that he may have heard the cars moving; that
he was thinking of business and did not notice particu-
larly; that he supposed he could have heard the cars
while he was seated, and that he did probably hear them,
but did not remember; that when he got up from his
seat some person was sitting in a chair, and that on
getting up after the concussion or jar which threw
him down, he saw the chair on top of the person who
occupied it.

As the demurrer to the evidence admits not only
the truth of the facts disclosed by it, but also every in-
ference in favor of the plaintiff which could be reason-
ably deduced from them, we are of opinion that the
court did not err in overruling the demurrer. The train
men and several others who were passengers in the ca-
boose when the cars were coupled were introduced as
witnesses on behalf of defendant, all of whom testified

that the coupling was made in the usual manner, and that there was no jolt or jar more than was usually incident to the coupling of freight cars, flatly contradicting plaintiff in these particulars.   In view of this state of facts, and that discomforts and dangers are more incident to travel on freight than on passenger trains, and hence calling for a higher degree of care on the part of the passenger, the eleventh instruction asked by defendant and refused by the court ought to have been given, the giving of which is fully warranted by the cases of *Henze v. Railroad*, 71 Mo. 636, and *Powell v. Railroad*, 76 Mo. 80.

The instruction is as follows :

" If the jury believe from the evidence that plaintiff knew, or, by the exercise of ordinary care, could have known, that the train had stoppod to do some switching, and by the exercise of ordinary care could have known that a part of the train was likely to be backed against the part to which the caboose was attached, and that some concussion or jar would likely be produced in the caboose, and that the plaintiff then, without thinking about the approach of the cars, and without paying any attention to whether the cars were approaching or not, left his seat and stood up in the car, and was thrown down and injured, when he would not have been had he kept his seat, or resumed the same before the cars struck, then the plaintiff was guilty of such contributory negligence as bars his recovery, and the jury must find for defendant."

For the refusal to give this instruction the judgment is reversed and the cause remanded.   All concur.