119    613
s78NW 666
d131 1546

MOORE *v.* SAGINAW, TUSCOLA & HURON RAILROAD CO.

1. CARRIERS—INJURY TO PASSENGER—JOLTING CAR—NEGLIGENCE.
   Evidence that plaintiff was invited by a carrier to enter a passenger car standing, with other cars in front of it, upon the track, detached from the engine and other cars, which were engaged in switching, and that, before he had time to seat himself. the car was struck in front with very great force, causing him to be thrown and injured, is sufficient to warrant the jury in inferring that cars were negligently backed against the one plaintiff had entered.

2. SAME—CONTRIBUTORY NEGLIGENCE—ENTERING DETACHED CAR.
   A passenger is not guilty of contributory negligence *per se* in not looking to see whether other cars are being backed towards a detached car which the carrier has invited him to enter.

3. SAME—SELECTING SEAT.
   On entering, on invitation of the carrier, a car from which the engine is detached, the passenger has a right to select any seat he chooses, and may presume that he will have time to do so before the engine is backed against the car in such a manner as to endanger him unless he is sitting. down.

Error to Tuscola; Beach, J. Submitted January 6, 1899. Decided April 4, 1899.

Case by James H. Moore against the Saginaw, Tuscola & Huron Railroad Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

*L. T. Durand*, for appellant.

*Sparling, Law & Moore* ( *H. W. Stevens*, of counsel), for appellee.

GRANT, C. J.   This case was once before in this court, and reversed.   115 Mich. 103.   The evidence is substantially the same as upon the former trial.

1.  That opinion very fully stated the law governing the case.   The court, in its instructions to the jury, followed that opinion, and fairly submitted the case to the jury, who again rendered a verdict for the plaintiff.   The principal point now urged against the judgment is that there was no evidence of negligence, because the record fails to show how the force was communicated to the passenger car in which the plaintiff was about to take his seat, or what that force was.   The passenger car, with others in front of it, stood upon the main track, while the engine and the other cars were detached.   Plaintiff was invited to leave the station, walk down the track, and enter it. The passengers were evidently given to understand that the train would soon leave.   At that time the engine and other cars were separated from these, and the train hands were engaged in switching cars near the station.   The rule that negligence cannot be inferred from the mere fact that an accident has happened does not apply to this case. According to the testimony of the plaintiff and his witnesses, some force struck the cars in front, which caused the accident.   It is a fair inference from the surrounding circumstances that the shock was caused by backing or in some manner running the cars in front against these, and that this was the work of the defendant.   The severity of the shock was evidence to justify the conclusion that this was negligently done.   We think the inference was one to be drawn by the jury, and not by the court.

2.  It is again urged as a matter of law that the plaintiff was guilty of contributory negligence.   This matter was fully discussed before, and the record does not present a different state of facts.   Plaintiff was invited upon the

train.   It cannot be held that he was guilty of negligence *per se* in not looking to see whether the other cars were backing when he was invited to enter the car, or that he was guilty of negligence *per se* in not taking the first seat. Others were behind him, and it is difficult to understand why he had not the right to select any seat in the car he chose.   When passengers are invited to enter a car, they have the right to assume that they will have time to enter and take seats before other cars are backed against it in such a manner as to endanger them while doing so.

There are other assignments of error, but we do not find in them any prejudicial error.

The judgment is affirmed.

MONTGOMERY, MOORE, and LONG, JJ., concurred. HOOKER, J., did not sit.