JAMES M. FULLERTON, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, May 8, 1900.

1. **Negligence to Passenger on Freight Train, What Constitutes:** PRIMA FACIE CASE. Since a coupling of unusual force is sufficient to make a *prima facie* case for an injury to a standing passenger on a regular passenger train, it must follow a *fortiori* that a passenger on a freight train who is injured in a similar position by the collision of his car with one negligently left on a different track make out a case for the jury.

2. ——: ——: ——: DEMURRER TO EVIDENCE, EFFECT OF: TESTIMONY. And in the case at bar, as the allegations in the petition are supported by the testimony for plaintiff, and as the demurrer admitted the full, direct and inferential force of such testimony, the demurrer was properly overruled.

3. ——: ——: INSTRUCTION: DEGREE OF CARE OF CAR-RIERS OF PASSENGERS ON FREIGHT TRAINS. An instruction properly declares the law relative to the degree of care which should be exercised by carriers of passengers in freight trains, which states that "it was the duty of defendant to use the utmost care and skill which prudent men would use and exercise in like business and under like circumstances to safely transport plaintiff to his destination."

4. ——: ——: ——: PRACTICE, TRIAL: REVERSIBLE ERROR. The fact that all the issues in a case are not contained in a single instruction is not reversible error.

Appeal from the Bollinger Circuit Court.—*Hon. James D. Fox*, Judge.

AFFIRMED.

*Martin L. Clardy, R. G. Frost* and *J. F. Green* for appellant.

(1) The court committed error in refusing to give instruction, in the nature of a demurrer to the evidence, offered at the conclusion of plaintiff's case, and also upon the close of the whole case. Harris v. Railway, 89 Mo. 233; Smotherman v. Railway, 29 Mo. App. 265; Ferguson v. Railway, 79 Va. 241; Aspell v. Railway, 23 Pa. St. 147. (2) The court erred in giving instruction number 1, on part of the plaintiff. Furnish v. Railway, 102 Mo. 438; McGee v. Railway, 92 Mo. 208; Smith v. Railway, 108 Mo. 249; Gilson v. Railway, 76 Mo. 283; Schaub v. Railway, 106 Mo. 93. (3) The court erred in refusing to give instruction number 3, prayed by defendant. Harris v. Railway, 89 Mo. 233; Tuley v. Railway, 41 Mo. App. 435; Richmond v. Railway, 49 Mo. App. 107.

*Wilson Cramer* for respondent.

(1) Defendant, having undertaken to carry plaintiff as passenger on one of its freight trains, owed him the same duty as if he had been traveling on a regular passenger train. McGee v. Railway, 92 Mo. 208; Wagner v. Railway, 97 Mo. 512; Whitehead v. Railway, 99 Mo. 263. (2) It was the duty of defendant to use the utmost care and skill which prudent men would use and exercise in like business and under like circumstances to safely transport plaintiff to his destination, and the giving of instruction number 1 on behalf of plaintiff, which so declared the law, was proper. Smith v. Railway, 108 Mo. 243; Jackson v. Railway, 118 Mo. 199; Clark v. Railway, 127 Mo. 197; Sullivan v. Railway, 133 Mo. 1. (3) It is conceded that a person traveling on a freight train assumes the increased risk incident to that mode of travel, and in this case, if plaintiff had been standing up in the caboose and had been thrown down by the jolting or the jamming together of the cars in the train, he would have no cause of action. Such was not the case, however. Plaintiff and two other witnesses swear that the caboose struck a car standing on the side track, and that the concussion threw plaintiff down. The leaving of this car on the side track too near the main line is the negligence complained of. (4) There is no evidence in the case even tending to show that plaintiff was thrown down by the jerking or sudden stopping of the train on a signal from a brakeman. The conductor, the only witness to the facts introduced by defendant, swears that there was a sudden stop. but says nothing about plaintiff's fall, nor was he present in the caboose; he was in the depot, some distance away, when he saw Mr. Woods fall out of the caboose near the switch stand. (5) Having been thrown down and injured by the collision of cars, plaintiff was not guilty of contributory

negligence in standing up in the caboose, and it was not necessary, therefore, that plaintiff's instruction number 1 should have required the jury to find that he was himself in the exercise of ordinary care and prudence. While running the risk of injury from the jolting and jamming together of the cars in the train he was on, plaintiff had the right to stand up or sit down, as he saw fit. Transcendent as they are, the rights and powers of railroad corporations do not yet authorize them to compel passengers to remain seated or to occupy any particular position in the cars.

BOND, J.—The plaintiff took passage on a freight train belonging to defendant from Bismark to Knob Lick. When the train reached a point about a furlong distant from Knob Lick it stopped. At this point the rear part of the train, including the caboose upon which plaintiff was riding, was detached, and the engine and front part of the train proceeded towards the station for the purpose of switching some of the cars on a side track. After this was done the engine came back and was reattached to the portion of the train which had been cut off, and proceeded to draw it to the station. While this was being done, plaintiff arose and approached the door of the caboose. When it passed opposite a point near the head of the switch, plaintiff was thrown violently forward and sustained severe injuries. According to the testimony of his witnesses, his fall was caused by the collision of the caboose with one of the cars which had been placed on the side track during the process of switching, but which had been left too close to the head of the switch to afford a clear passage for the caboose while moving over the main track towards the station. According to the defendant's evidence no such collision happened, but the fall of plaintiff resulted from his standing posture while the train suffered such jars as are incident to the running of a freight train.

In a suit for the injuries sustained plaintiff had judgment for $500, from which defendant appealed.

The first error assigned is the overruling by the court of defendant's demurrer to the evidence. There is no merit whatever in this assignment, as appears from the authority cited in its support, 89 Mo. 233. In that case the supreme court approved the ruling of the trial court in disallowing a demurrer to the evidence upon the testimony for the plaintiff showing that he was thrown down while walking to the door of the caboose of a freight train by a coupling of cars "causing a more violent concussion or jar of the train than he ever before experienced, though he had been in the habit of traveling on trains for many years." Since it was decided in that case that a coupling of unusual force is sufficient to make a *prima facie* case for an injury to a standing passenger, it must follow a *fortiori* that a passenger on a freight train who is injured in a similar position by the collision of his car with one negligently left on a different track makes out a case for the jury. This latter proposition is supported by the testimony for plaintiff, and as the demurrer admitted the full, direct and inferential force of such testimony, it was properly overruled. Harris v. Railroad, 89 Mo. loc. cit. 235.

The next error assigned is that instruction number 1 for plaintiff imposed a greater duty of care upon defendant than is required by law. The language of the instruction on this point is to wit: "And was the duty of defendant to use the utmost care and skill which prudent men would use and exercise in like business and under like circumstances to safely transport plaintiff to his destination." A railroad company which undertakes to carry passengers for hire upon its freight train, owes them the same duty as to care which the law exacts of it as to passengers transported upon passenger trains. The only difference is that the passenger on a freight train assumes whatever dangers or perils are neces-

sarily incident to that mode of conveyance. Whitehead v. Railway, 99 Mo. 268, and cases cited. The question, therefore is, does the above quoted language of the instruction correctly define the degree of care prescribed as to persons traveling on passenger trains? An examination of the rule on this subject as laid down by the supreme court in Jackson v. Railway, 118 Mo. loc. cit. 224, discloses that the language of the instruction is a perfect copy of the statement of the rule in that opinion, which case is supported by the precedent and subsequent rulings of the supreme court, and must now be considered as an authoritative exposition of the law on this subject. The point under review is therefore ruled against appellant.

It is further objected that the instruction in question did not set forth the theory of the accident which defendant's evidence tended to prove. A complete answer to this is, that the court gave a qualifying instruction for defendant fully setting forth the phase of the case presented by its evidence, hence there is no exclusion from the jury of any issues arising upon the testimony, and the fact that all the issues were not contained in a single instruction, was not reversible error. Carroll v. Railway, 60 Mo. App. loc. cit. 468; Hughes v. Railway, 127 Mo. 447. Some complaint is made of the concluding terms of the instruction permitting a recovery for the injuries caused to plaintiff by the collision. It is objected that this does not specify "the character of such injuries." The contention seems hypercritical. The petition only counts on the negligence and injuries caused by the collision. The evidence for plaintiff was confined to the particular injuries which he suffered in consequence of the collision. It is true that it appeared on cross-examination that plaintiff had been the victim of a previous accident on a different road when he sustained injuries of an entirely different nature, but the instruction in question did not warrant the jury to consider these former injuries in awarding

a compensation for the present accident. On the contrary, it restricted their view solely to those inflicted by the collision of defendant's train.

Lastly it is insisted that the court erred in refusing an instruction requested by defendant to the effect that plaintiff was guilty of contributory negligence, if it appeared that the injuries complained of were suffered by reason of the fact that he was standing when the collision occurred. We are not prepared to assent to this proposition, nor its corollary that carriers of passengers, even on freight trains, are exonerated from negligence by the mere fact that the passenger was standing and not sitting when thus injured.

The judgment herein is affirmed. Judge *Bland* concurs; Judge *Biggs* absent.