FREEMAN *v.* PERE MARQUETTE RAILROAD CO.

Railroads—Injury to Passenger on Freight Train—Contributory Negligence.

One who enters the caboose of a freight train to take passage thereon, and, knowing that the trainmen are still engaged in switching, takes his seat in a loose chair, instead of one of the fixed seats provided for passengers, is guilty of such contributory negligence as will prevent a recovery for injuries received by being thrown from the chair by the collision of a car with the caboose.

Error to Ionia; Davis, J.  Submitted June 6, 1902. (Docket No. 30.)    Decided October 28, 1902.

Case by Alonzo O. Freeman against the Pere Marquette Railroad Company for personal injuries.  From a judgment for plaintiff, defendant brings error.  Reversed.

*Frederick W. Stevens* (*Charles McPherson*, of counsel), for appellant.

*Chaddock & Scully*, for appellee.

MONTGOMERY, J. This is an action for negligent injury to a passenger, in which the plaintiff recovered a verdict and judgment of $200, and defendant brings error.

The plaintiff became a passenger in a caboose attached to a freight train. Before entering the caboose, he accepted and signed a ticket in which he agreed to exercise the highest degree of care to protect himself from injury, and agreed, if injured notwithstanding such care, to make no claim against the company. The defendant, however, does not, in the brief filed in this court, rely upon this contract as conclusive of plaintiff's rights; but it is insisted that the plaintiff's testimony, taken as a whole, shows that he was guilty of contributory negligence, and that a verdict should have been directed for defendant.

The testimony of the plaintiff tends to show that, when he entered the caboose, the front door of the caboose stood open; that he then knew that the train crew was still engaged in switching, and that cars were likely to be brought in contact with the caboose with greater or less force; that there was a chair in the caboose, not fastened down, and that there were abundant seats which were fastened solid; that this chair was the chair provided for the conductor, and for use in connection with the table in one corner of the caboose, provided for the conductor for making his *memoranda* upon; that, instead of taking one of the regular seats provided for passengers, plaintiff took a seat in this chair, facing the front door, and awaited events; that he leaned over to sneeze, holding his head between his two hands, and just at this critical moment the collision occurred, threw him against the door, and caused the injuries complained of.

So far as the contact of the car with the caboose is concerned, and the resulting jar, it may be said that it was

the expected which happened. It is therefore a question of law as to whether, with this knowledge, it was the exercise of common prudence to take this loose seat, which was certain to be thrown a greater or less distance by any jar which might occur, instead of taking the fixed seats which were provided for passengers. There is no question of ample room in the seats, as plaintiff was the only passenger. The case of *Norfolk, etc., R. Co.* v. *Ferguson,* 79 Va. 241, is like this in principle. It was there held that it was contributory negligence, as matter of law, for a passenger on a freight train to take a chair near an open door in a caboose, instead of the fixed seat which was provided for passengers. So, in *Harris* v. *Railroad Co.,* 89 Mo. 233 (1 S. W. 325, 58 Am. Rep. 111), it was held that a plaintiff who knew, or by the exercise of ordinary care could have known, that the freight train upon which he was a passenger in the caboose had stopped to do switching, and that part of the train was likely to be backed against the part to which the caboose was attached, and who, without paying any attention to whether the cars were approaching or not, left his seat and stood up in the car, was guilty of such contributory negligence as barred recovery. A similar rule was laid down in *Smith* v. *Railroad Co.,* 99 N. C. 241 (5 S. E. 896), where the plaintiff was sitting on the arm of a seat when he had every reason to expect a sudden jolt or shock from the backing of one portion of the train against another.

Plaintiff relies upon the case of *Moore* v. *Railroad Co.,* which was twice before the court, and is reported in 115 Mich. 103 (72 N. W. 1112), and again in 119 Mich. 613 (78 N. W. 666), and upon the case of *Stoody* v. *Railway Co.,* 124 Mich. 420 (83 N. W. 26). Neither case is authority for the plaintiff's recovery in the present case. In the *Moore Case* the collision occurred before the plaintiff had an opportunity to occupy a seat in the car. The collision occurred when he was in the act of sitting down. In that case, however, the rule was recognized that one who takes passage on such a train is presumed to understand that the

cars must be coupled and uncoupled and shifted in the course of the yard work at the various stations, and that jars, jolts, jerks, and concussions are incident to the ordinary management, and that these necessarily affect the equilibrium of persons standing in the car. Applying that rule to the present case, it may be added that such jars and jolts would be known by the passenger to necessarily cause some change in position in the loose chair occupied by him. In *Stoody* v. *Railway Co.* it was held that the plaintiff was not guilty of contributory negligence in entering the car and taking his seat, although the rest of the train was then backing towards him. In that case it appeared that he had sufficient time to enter the seat and brace himself in the seat to avoid the jar,—a very different measure of precaution than taking a seat in a loose chair, facing an open door, as was done in the present case.

We are constrained to hold that, as matter of law, plaintiff was not in the present case in the exercise of due care, and the judgment will be reversed, and a new trial ordered.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.