CONNIE E. FORTUNE v. SOUTHERN RAILWAY COMPANY.

(Filed 21 May, 1909.)

1. Carriers of Passengers— Negligence — Platform — Seeing Passengers Off—Custom—Invitation Implied—Ordinary Care—Trespass.

When a wife who has accompanied her husband to the train (the latter a passenger, about to depart thereon) is injured while upon the platform of a stationary coach which her husband was to take, by being suddenly thrown to the ground by the negligent and violent contact of another car run into it, the railroad company is liable in damages; the custom in such instances being an implied invitation to the wife, imposing upon the company the duty to exercise ordinary care for her safety, and not merely that of not willfully injuring her, as in a case of trespass.

2. Carriers of Passengers—Contributory Negligence—Seeing Passengers Off—Attaching Coach—Custom.

When there was evidence that a railroad company customarily left an empty coach at a station and opened it for passengers ten minutes before the departure of the train to which it was to be

attached, for the use of passengers to further points on the same road, and that the plaintiff and her husband (the latter having taken passage on this coach and the former seeing him off) attempted to enter the coach a few moments before train time, but found it locked, and while there, thus engaged, another car was suddenly run into this coach with great violence, throwing *feme* plaintiff to the ground and violently injuring her : *Held*, under the evidence of this case, not to constitute contributory negligence.

ACTION tried before *Peebles, J.,* and a jury, at July Term, 1908, of HAYWOOD, to recover damages for a personal injury alleged to have been received by plaintiff, Connie E. Fortune, caused by the negligence of the defendant.

These issues were submitted:

1. "Was the plaintiff, C. E. Fortune, injured by the negligence of the defendant, as alleged in the complaint?" Answer: "Yes."

2. "Did the plaintiff, Connie E. Fortune, by her own negligence, contribute to her injury, as alleged in the answer?" Answer: "No."

3. "What damage, if any, is plaintiff, Connie E. Fortune, entitled to recover?" Answer: "Three hundred and fifty dollars."

Thereupon his Honor, upon the ground that he had committed an error in not sustaining defendant's motion to nonsuit, set aside the findings of the jury and allowed the motion, from which judgment plaintiff appealed.

In this Court it was agreed by counsel that if the opinion of the Court should be with the plaintiff, judgment should be entered for the sum assessed by the jury.

*W. B. Ferguson, Frank Carter* and *H. C. Chedester* for plaintiff.

*Moore & Rollins* for defendant.

BROWN, J. The evidence in this case tends to prove that the plaintiff accompanied her husband to defendant's station at Waynesville for the purpose of seeing him off as a passenger for Asheville. For the purpose of accommodating the increased travel in summer, defendant had daily an extra coach left at a

certain place on the side track close to the station at Waynes-
ville, which was attached to the train when it arrived at Waynes-
ville from the west.   It was customary to open this extra coach
some ten minutes before train time and to permit passengers
to enter it.   On the date of the injury the car was standing at
the usual place on the side track, where passengers were accus-
tomed to board it.   The plaintiff and her husband stepped on
the platform of this car, with the view of entering it, about two
minutes before train time, but finding the door locked, they
were on the point of stepping off, when the collision occurred
which caused the plaintiff's injury.   They were not on the plat-
form exceeding two minutes.   At this time there was a large
concourse of persons at the station, waiting for the train.
Under these conditions, and just as plaintiff and her husband
were about to leave the platform, an engine was run into the
side track, at a dangerous rate of speed, variously estimated by
the witnesses at from fifteen to thirty miles an hour, and was
caused to strike a car standing at the station platform and to
drive it against the car upon which plaintiff and her husband
were standing, with such force that the ends of the two cars
buckled and rose from the track, and the shock threw the plain-
tiff down and injured her.

The learned counsel for defendant, in his argument before
this Court, rested his defense very largely upon the defense of
contributory negligence upon the part of the plaintiff in attempt-
ing to enter the car.   We do not think there is any foundation
for such defense upon the facts of the case.   The evidence dis-
closes no negligent conduct upon the part of the plaintiff, while
on the car, which in the least degree contributed to the injury
she received.   It will not be contended in this day and genera-
tion that it is negligence for a wife to escort her husband to the
station and to· board a car momentarily to bid him good-bye.

The defense must properly rest upon the theory that the
plaintiff was on the car without defendant's consent, and that,
being a trespasser, the defendant owed her no duty, except to
refrain from willful injury, and therefore as to her is guilty
of no negligent conduct.   This view of the evidence is properly
presented under the first issue.

FORTUNE *v.* RAILROAD.

It is undoubtedly true that if plaintiff had been a trespasser, stealing a ride, as in *Bailey v. Railroad,* 149 N. C., 169, or a huckster entering the train to sell his wares, as in *Peterson's case,* 143 N. C., 263, she could not recover. But plaintiff was not in any sense a trespasser, and under the circumstances of this case her presence on the car platform was neither wrongful nor negligent. Her presence there was not wrongful, because a wife who escorts a husband, or a husband a wife, to a seat on a railway train is not a mere trespasser to whom the company owes no duty except to abstain from willful injury. It is true, plaintiff was not a passenger towards whom the defendant was bound to exercise the highest degree of care, but she was on its premises by its implied invitation, and it was bound to exercise ordinary care for her safety. Railway companies owe this duty at least to those whom, in practice, they allow to accompany passengers in order to see them off on trains without asking special permission. *Railroad v. Lawton,* 55 Ark., 428; *Packet Co. v. Wilson,* 95 Tenn.; 1 Hutchinson on Carriers, sec. 237; *Whitley v. Railroad,* 122 N. C., 987; *Morrow v. Railroad,* 134 N. C., 92; *Moore v. Railroad,* 119 Mich., 613. This implied invitation and consequent duty to those who, impelled by ties of relationship and affection, go to "welcome the coming, or speed the parting, guest," is founded on recognized social observances which have become an universal and inseparable concomitant of modern railway traffic.

Nor do we think the husband and wife were wholly unwarranted in attempting to enter the car at the time and under the circumstances in evidence. The car was an extra coach, brought up every morning from Asheville and left at Waynesville for the afternoon train returning there. It usually remained at the station on the side track at the place the accident occurred. It was the defendant's custom to open the car at that place ten minutes before train time, and passengers for Asheville at once boarded it and, upon arrival of the train, it was coupled on.

In accordance with this custom, inaugurated and permitted by defendant, plaintiff and her husband boarded the car two minutes before train time in order that he might secure a seat. Finding it locked, they started back to the station, remaining

on the car platform in all not more than two minutes, but were caught in the collision.    There is no evidence that they lingered on the platform unduly long or did any act that a person of reasonable prudence would not be expected to do under the circumstances.    We think his Honor's first impressions of this case were the best.

The cause is remanded, with direction to enter judgment for the damages ($350) assessed by the jury.

Reversed.