LEE ROY ADAMS, RESPONDENT, v. W. B. THAYER, APPELLANT.*

Kansas City Court of Appeals. May 21, 1928.

*Corpus Juris-Cyc References: Master and Servant, 39CJ, section 1339, p. 1151, n. 73; Trial, 38Cyc, p. 1543, n. 69.

*Mosman, Rogers & Buzard* for appellant.

*Robert O. McLin* and *James M. Houston* for respondent.

ARNOLD, J.—This is an action in damages for personal injury alleged to have been due to defendant's negligence.

. The facts of record are that in the spring and early summer of 1924, plaintiff, a laborer, was employed by defendant on his farm in the southern part of Jackson county, Missouri, formerly known as the Mastin Ranch. A number of other laborers were similarly employed. While plaintiff was so engaged and on June 2, 1924, he was working, at the direction of defendant, with a power-driven circular saw, and while feeding a stick of wood into the saw he was injured by the stick being suddenly jerked, said action forcing his right hand against the saw and severing the second or middle finger thereof. The facts show that the saw in question was driven by a "Waterloo Boy" tractor operated by oil and that the same had been in use on defendant's farm for several years. On the occasion in question it appears the wood being sawed into small lengths, consisted of poles taken from the timber on defendant's farm; that such wood after being sawed was sold by defendant to his employees at the actual cost of production.

The petition is formal and alleges the relative status of the parties and that it was defendant's duty to furnish plaintiff with good and reasonably safe and sufficient tools or machinery with which to work, but that defendant disregarding and neglecting his duty in that behalf, negligently and carelessly furnished him with a circular saw about thirty-six inches in diameter, set on a wooden frame without any shield over the saw to protect the operator or workmen, and without any off-bearing table; without anything to catch the wood, and without any safety guard whatever to protect plaintiff from coming in contact with the saw; negligently and carelessly furnished plaintiff with a saw which was dangerous to operate and dangerous to use because there was no safety guard or any provision or device to protect plaintiff or anyone working about, or using same from coming in contact therewith; negligently and carelessly ordered or directed plaintiff to saw wood with said saw which was dangerous because there was no safety guard, or any guard or protection to prevent plaintiff from coming in contact with the said saw and with the edge and teeth thereof; that defendant furnished plaintiff for use in sawing wood a power-driven circular saw, without any guard or guards which raise and lower automatically for various thicknesses of material, and without any safeguards whatever; that the said condition of said saw and all of said defects were known to defendant, or with the exercise of ordinary care on his part, might have been known to him. Judgment is sought in the sum of $5,000.

The third amended answer is, first, a general denial, and as affirmative defense the answer pleads assumption of risk and contributory negligence in that plaintiff took a short piece of wood and endeavored to cut a few inches therefrom, at the same time holding

said stick in both hands when "it was unnecessary to cut said stick in that manner;" and in attempting to cut said stick of wood without placing and holding it upon the saw table and without the aid and use of the same; that plaintiff was negligent in attempting to saw said stick without waiting for assistance which he could have done; that said negligent acts of plaintiff caused or contributed to any injuries he may have received. The answer further avers that there was no legal duty resting upon defendant to provide any guard for said saw because defendant, at the time, was not engaged in any manufacturing or mercantile business, but was engaged solely in agricultural pursuits, and that said saw was used solely for farming purposes. The answer further pleads that if section 6787, Revised Statutes 1919, was intended to and does apply to farmers and persons engaged in agricultural pursuits, the same is unconstitutional and void, and in conflict with section 28, article IV, of the Constitution of Missouri and in violation of the Fourteenth Amendment to the Constitution of the United States.

The reply was a general denial.

The cause went to trial before the court and jury upon the pleadings thus made. At the close of plaintiff's evidence defendant offered an instruction in the nature of a demurrer which the court marked "Given" but before said instruction was read to the jury, the plaintiff took an involuntary nonsuit with leave to move to set the same aside. In due time plaintiff filed a motion to set aside the involuntary nonsuit which was sustained, and from this order of the court sustaining the motion to set aside the nonsuit, defendant has appealed. The only error assigned is that the court erred in sustaining plaintiff's motion to set aside the involuntary nonsuit.

It is urged the statute requiring the guarding of saws does not apply to defendant because he is a farmer and not engaged in any mercantile business and consequently plaintiff could not recover against him on the ground that defendant had violated the statute (sec. 6787, Revised Statutes 1919; Laws of 1801, p. 159) commonly known as the "factory act." It is argued that under the provisions of said section it is the duty of the state industrial inspector to inspect all mechanical and mercantile establishments where dangerous machinery is used and that the state industrial inspector has construed the act as not applying to farmers, and consequently, such construction will be adopted by the courts, if not unreasonable. [Citing Ross v. Railroad, 111 Mo. 18, 25; Westerman v. Supreme Lodge, 196 Mo. 679, 94 S. W. 470; State ex rel. v. Job, 205 Mo. 29, 103 S. W. 493.]

Section 6787, Revised Statutes 1919, reads as follows:

"All power-driven circular saws must be provided with safety guards which raise and lower automatically for various thicknesses

of material, and must also be provided with a kickback dog to prevent the board binding on the saw and flying back. Said appliances shall be subject to the approval of the state industrial inspector, his assistants or deputies. [Laws 1919, p. 443.]

Plaintiff insists that the provisions of the section just quoted apply to all power-driven circular saws and must be held to apply to farmers because not exempt by any specific wording therein.

It is further argued by plaintiff that prior to the enactment of this section it had been held (Henderson v. Heman, 198 Mo. App. 423; Wagner v. Const. Co., 220 S. W. 890) that the guarding of circular saws in manufacturing establishments was already provided for under section 7828, Revised Statutes 1909, and re-enacted with the provision as to inspection added thereto. [Sec. 6786, R. S. 1919.] It is forcefully argued that the new section would be without purpose unless to enlarge the application of the law relative to all circular saws; that if the new section be construed to apply only to saws operated in manufacturing establishments, by construction it becomes wholly useless and nugatory as the existing law which had been in effect for a long time amply covered the guarding of saws in manufacturing establishments. But we think a proper construction of this statute is not conclusive of the only question presented on this appeal. While the petition, in part, might be held to charge defendant under the provisions of the statute, with failure to guard, it also charges defendant under the common law with failure to furnish—"plaintiff with good and reasonably safe and sufficient tools or machinery for that purpose, but defendant, disregarding and neglecting his duty in that behalf, negligently and carelessly furnished him with a circular saw about thirty-six inches in diameter, set on a wood frame without any shield over the saw, to protect the operator or workmen, and without any off-bearing table, and without anything to catch wood, and without any safety guard whatever, to protect plaintiff in performing his duties as his employee from coming in contact with the same."

It must be held that the petition embraces a common-law charge of negligence in alleging defendant failed to furnish plaintiff with reasonably safe appliances with which to work.

Upon the question as to whether the saw provided by defendant was such as is usually and ordinarily furnished for the same character of work, the evidence is conflicting. Plaintiff testified, as did his witnesses, that he had seen, observed and worked with a number of other power-driven saws and that in every instance such saw was provided with a protecting device of some kind to guard those working thereat from contact with the blade and teeth of the saw. Defendant's evidence was somewhat to the contrary, but on cross-examination witnesses stated that all such saws which had come

under their observation had some device in the way of guard, shield, or off-bearing table attached thereto. In our consideration of the demurrer we conclude this evidence was sufficient to take the case to the jury under the common-law allegation of negligence in the petition.

In ruling upon a demurrer the rule has long been established that evidence in support of the cause of action must be accepted as true, and that the plaintiff is entitled to every reasonable inference which may be drawn therefrom. [Woods v. Poultry Co., 259 S. W. 888, 891; Fisher v. Const. Co., 263 S. W. 1022, 1025; Burrows v. Likes, 180 Mo. App. 447, 166 S. W. 643; Sandretto v. Railway, 265 S. W. 856, 858; Harris. v. Railway Co., 89 Mo. 233; Kincaid v. Laundry Co., 189 S. W. 1189.] In support of his position that the case should not be submitted to the jury, defendant relies chiefly upon the case of Brands v. Car Co., 213, 698, 112 S. W. 511. There the Supreme Court held the plaintiff's evidence, if accepted as true, failed to show negligence on the part of the defendant in using a type of emery wheel then in general use by other similar establishments in the same character of business. In the case at bar there is some conflict in the evidence as to whether the saw used was such as is ordinarily used by farmers for similar purposes, and the question of negligence was for the jury. [Kuhn v. Lusk, 219 S. W. 638.] We think the ruling in Woods v. Poultry Co., 259 S. W. 888, 891, peculiarly applicable here, wherein it is said:

"The court submitted the cause in an instruction predicated upon the theory that the defendant failed to provide a reasonably safe place for the deceased to perform his duties, and failed to have the bridge provided with proper cleats at distances which would have made same reasonably safe from slipping off of the platform or the car. It would be taking unnecessary time and labor to collect authorities to the effect that it was the duty of the defendant to use ordinary care to furnish deceased with a reasonably safe place in which to work and to furnish him with reasonably safe instrumentalities with which to perform the work required of him. From the evidence the inference is clearly deducible that the deceased was directed to do the work at a place which was unsafe and dangerous, and that the stage furnished him was unsafe and dangerous." [See also Brown v. Plate Glass Co., 251 S. W. 141.]

We reach the conclusion that it was for the jury to determine, under the evidence presented, whether defendant had complied with his common-law duty as a master in the exercise of ordinary care in furnishing plaintiff reasonably safe appliances with which to work. In this view of the case we deem it unnecessary to discuss other points raised in defendant's argument not touching this particular phase of

912

the case. We hold the court did not err in sustaining plaintiff's motion to set aside the involuntary nonsuit. The judgment is accordingly affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.