JAMES CORRIGAN *vs.* UNION SUGAR REFINERY.

One whose servant carelessly throws a keg out of a window so that it injures a person in a passageway below is liable for such injury, even if his title in the way is such as not to render him responsible for any defect therein, and that he may at any time revoke the permission by which the person injured is passing over it.

TORT for an injury sustained by the plaintiff by negligence of the defendants' servant. At the trial in this court it appeared that the plaintiff, thirteen years old, being sent on an errand by his mother, had occasion to go through a passageway adjoining the defendants' refinery, over a portion of which way, six feet wide, between two buildings used by the defendants, they had constructed a roof; that it was the defendants' habit to supply ale to their workmen in the refinery, who were accustomed to throw the empty ale-kegs out of a window down upon this roof, from which from time to time they were taken away; and that, just as the plaintiff, in going through the passageway, emerged from under this roof, such a keg was thrown by one of the workmen so carelessly that it fell off the roof and struck the plaintiff on his head and injured him greatly. The plaintiff offered to prove that this passageway had been open and used by the public, with the knowledge of the proprietors, twenty-nine years. The defendants contended that the fee of the soil of the way was in the defendants; and that, whether that was so or not, it was not a public way. And much evidence was offered, which is now immaterial, to show what, if any, was the defendants' title in or to the way; and whether the way was a public way by prescription, dedication or otherwise. By agreement of the parties, *Chapman*, J., reported the case for consideration by the full court, to stand for trial if it could be sustained on the report, otherwise judgment to be entered for the defendants.

*D. P. Kimball*, for the defendants, was first called upon.

*T. H. Sweetser & W. B. Stevens*, for the plaintiff, were stopped by the court.

GRAY, J. It is unnecessary in this case to consider whether, upon the facts offered to be proved, the way over the defendants'

land, where the plaintiff received the injury sued for, was a public way; or whether, if it was not a public way, the defendants had so held it out as such, or otherwise induced the plaintiff to pass over it, as to make them responsible to him for any hole or defect therein, within the rule discussed in *Sweeny* v. *Old Colony Railroad Co.* 10 Allen, 368, and *Gautret* v. *Egerton*, Law Rep. 2 C. P. 371, cited for the defendants. The material question is, whether the keg fell upon the plaintiff's head by reason of the negligence of the defendants' servants. If it did, then, whether this was a public or a private way, and whether the plaintiff was passing over it in the exercise of a public right, or upon an express or implied invitation or inducement of the defendants, or by their mere permission, he was rightfully there, and may maintain this action. Even if he was there under a permission which they might at any time revoke, and under circumstances which did not make them responsible for any defect in the existing condition of the way, they were still liable for any negligent act of themselves or their servants, which increased the danger of passing and in fact injured him. *Gallagher* v. *Humphrey*, 6 Law Times, (N. S.) 684. *Sullivan* v. *Waters*, 14 Irish C. L. 474. *Indermaur* v. *Dames*, Law Rep. 1 C. P. 274. *Byrne* v. *Boadle*, 2 H. & C. 722. *Stewart* v. *Harvard College*, 12 Allen, 67.

*Case to stand for trial.*