Graves v. Thomas.

———————— ✦ ————————

No. 11,476.

## GRAVES v. THOMAS.

VERDICT.—*Interrogatories to Jury.—Supreme Court.*—Answers by the jury to special interrogatories returned with a general verdict will not be considered by the Supreme Court, unless it appears by the record that the court, at the request of a party, sent them to the jury.

NEGLIGENCE.—*Excavation.*—When the public have by permission travelled on foot for years over an open city lot, it is the duty of the owner, upon making an excavation in the pathway, with a view to erecting a build-

ing, to put some guard or warning for public protection, and a failure to do so gives a right of action to one who, without fault, is injured thereby.

SAME.—*Evidence.*—In such case evidence showing such public use of the pathway is admissible.

SAME.—*Damages.*—In such case evidence that the person injured was poor and depended on labor for support may be admissible, as tending to prove that cessation from labor after the injury was caused by the injury.

From the Superior Court of Vigo County.

*N. G. Buff* and *I. N. Pierce,* for appellant.

*C. F. McNutt, J. G. McNutt* and *S. R. Hamell,* for appellee.

BLACK, C.—The appellee, Amelia Thomas, sued the appellant, Emeline Graves, and the trial of an issue formed by a denial of the complaint resulted in a verdict for the plaintiff for $125. A motion made by the defendant for judgment on the answers of the jury to special interrogatories, notwithstanding the general verdict, and her motion for a new trial were overruled, and judgment was rendered on the verdict. The rulings on these motions are assigned as errors.

Following the general verdict in the record are certain interrogatories and answers thereto signed by the foreman; but it is not affirmatively shown anywhere in the record that the court submitted the interrogatories to the jury, or that either party requested the court to do so. Therefore, this court can not inquire whether or not these answers were inconsistent with the general verdict. R. S. 1881, section 546; *Cleveland, etc., R. W. Co.* v. *Bowen,* 70 Ind. 478; *Hervey* v. *Parry,* 82 Ind. 263; *Watkins* v. *Pickering,* 92 Ind. 332.

In her motion for a new trial, the defendant, with other reasons, assigned that the verdict was not sustained by sufficient evidence, and that the verdict was contrary to law.

The action was for the recovery of damages for injuries suffered by the plaintiff from falling into an excavation for a cellar recently made by the defendant upon a lot adjoining a street and sidewalk in the city of Terre Haute, the defendant having negligently failed to guard said excavation, or to place any signal at or near it to warn pedestrians passing along said

sidewalk, it being alleged that while the excavation was in such condition the plaintiff was walking along said sidewalk, and, without any fault or negligence on her part, fell into said excavation.

The evidence showed that the defendant's lot was bordered on the west by the street and sidewalk, and on the north by a vacant lot; that the excavation, made about one week before the accident, preparatory to the building of a storehouse, was eight feet deep, thirty feet long, extending to the sidewalk, and eighteen feet wide, the north line thereof being about five feet from the north line of defendant's lot; that there were two paths, one being along the sidewalk proper, and the other diverging from it and returning to it, passing over said vacant lot on the north of defendant's lot and over the defendant's lot, the latter path, which was about forty feet long, being upon higher ground than the path along the sidewalk proper; that about eight or nine o'clock on a dark and rainy evening, the plaintiff, alone and without a lantern, was walking southward along said street, on her way to visit a sick friend; that she took the upper path, and, pursuing it, fell into the cellar on the north side thereof, about ten feet from the west end of the cellar, and was injured by the fall. The people generally passed over these lots in wet or muddy weather, instead of passing over the lower path, and they had done so for about eight years. The defendant had owned her said lot about six months. There was a ridge a foot or two feet high, made of earth thrown out, on the north side of the cellar, and two or three feet from it, but there was no guard or protection of any kind on that side of the cellar. The plaintiff had moved from another part of the city into the neighborhood, two squares away from the cellar, three days before the accident. About six years before, she was well acquainted with the premises, and passed along said street and over the same place where she fell. About one year before the accident she passed along the same place, but she had not seen it afterward until the night of the accident, and

she did not know that a building was being put up on the defendant's lot.

In *Young* v. *Harvey,* 16 Ind. 314, in discussing the question whether one who had dug and had left exposed a pit on his uninclosed lot, near the line of a street, was liable to another person for the value of the latter's horse which fell into the pit and was killed, it was said, that if the probability that such an accident might happen from thus leaving the pit exposed was so strong as to make it the duty of the owner of the lot, as a member of the community, to guard the community from the danger to which the pit exposed its members, in person or property, he was liable to an action for the loss occurring through his neglect to perform that duty.

In Wharton on Negligence, section 349, is this language: " Nor am I justified in making excavations either on the path which I have permitted other persons to traverse, or so near a public road that travellers, in the ordinary aberrations or casualties of travel may stray or be driven over the line and be injured by falling into the excavation."

In *Beck* v. *Carter,* 68 N. Y. 283 (23 Am. R. 175), the defendant had for a long time allowed a portion of his lot adjoining a street to be used by the public as a part of the highway. He made an excavation in his lot about ten feet from the line of the street. The plaintiff, while passing over the lot in the dark, fell into the excavation and was thereby injured. It was held that the defendant was liable, and the Court of Appeals approved a charge instructing the jury that it made no difference whether the excavation was seven or nine or ten feet from the originally established boundaries of the thoroughfare; that if it was so situated that a person lawfully using the thoroughfare was liable to fall into it, the defendant was liable.

In the case at bar, we think that the fact that for a long period the public, using the sidewalk, had been permitted to use the place where the plaintiff fell as a part of the sidewalk, made it the duty of the defendant to guard the excava-

tion made at that place; and that the jury were authorized to find from the evidence that the plaintiff did not, by her own negligence, contribute to her injury.

It follows that there was no error in admitting, over the defendant's objection, evidence of such use by the public of the upper pathway.

The evidence is set out in the record in narrative form. The plaintiff testified as a witness in her own behalf. After setting forth her testimony concerning the circumstances of the accident and the character of her injuries, the record proceeds as follows: "She is poor, and has no property, and works for a living by washing and ironing for families. She has not been able to do this kind of work since her fall, until the last few weeks; her circumstances compelled her to resort to it again when she was really not able. The defendant objected to the evidence as to plaintiff's financial condition and as to the necessity of working for families to support herself, for the reason that the same is irrelevant and immaterial. The court overruled the objection and permitted the witness to testify as to such matters, to which action and ruling of the court the defendant at the time excepted."

It is impossible to know to what question or questions the defendant objected, and the purpose for which the evidence was admitted is not stated. It must be treated as having been introduced for a legitimate purpose, if it was admissible for any purpose.

To aid the jury in estimating the plaintiff's damages, it was proper to prove the character and extent of the employment by which she ordinarily supported herself, and to show to what extent her pursuit of that employment was prevented or interfered with by her injuries. Evidence that she was poor and had no property would tend to prove that during the time in which, after the accident, she ceased to work at the employment by which she usually supported herself, she did so because she was compelled by her injuries, and would tend to sustain her statement that when she commenced to

work again she was not wholly restored from the effects of her fall.  *Caldwell* v. *Murphy*, 11 N. Y. 416.

The motion for a new trial assigned as reasons the giving of certain instructions, the refusal of others and the modification of others.  We see nothing in the very slight mention of these reasons, in the appellant's brief, that can affect a proper result, which appears to have been reached.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at the appellant's costs.

