AUGUSTINO CASTORIANO, by Guardian, Plaintiff, v. ANNIE E. MILLER et al., Defendants.

(Superior Court of Buffalo — General Term, December, 1895.)

NEGLIGENCE — DANGEROUS PREMISES — LICENSEE.

> Plaintiff accompanied his sister to defendants' brewery for the purpose of obtaining a load of slops, and while waiting for her, to answer a call of nature, without permission entered a tunnel or passageway not used for that purpose, and while therein fell into a hole and was injured. *Held*, that he was at most a mere licensee, to whom defendants owed no duty, and that they were not liable for the injury.

MOTION for a new trial by plaintiff upon a case and exceptions ordered to be heard at the General Term in the first instance.

*Charles Oishei*, for plaintiff.

*Tracy C. Becker*, for defendants.

HATCH, J. The record does not disclose what disposition was made of defendants' motion for a nonsuit, and it is not clear that any exception was taken to any ruling. The brief of defendants' counsel states that the court granted a nonsuit, and the parties have appeared in court and argued the motion upon that supposition without objection. We conclude, therefore, to entertain the motion. The record discloses that plaintiff, an infant between eight and nine years of age, in company with his sister, visited defendants' brewery for the purpose of obtaining a load of "brewery slops." The usual place of procuring the load was at a box situated in the brewery yard adjoining the structure. Near the box was a passageway or tunnel under the brewery building which was used by defendants and their servants in prosecuting the business. It was not necessary in order to obtain the load to enter the tunnel, and it had never been used in connection therewith. Within the tunnel, situated about twenty-five feet from the entrance, was a hole connected with a subterranean

passage, through which was discharged hot water used in the brewery. This hole was covered with an iron grating. On the day in question the sister drove first to the office of the brewery, made inquiry for slops, was informed that there was none that day. Notwithstanding this information she drove to the rear of the brewery where the slop box was situated, made inquiry there, and was again informed that there was none. At this time plaintiff alighted from the wagon to answer a call of nature and entered the tunnel, passed along to the grating and stepped upon it; it tipped and let him in and his lower limbs were severely scalded. We are unable to find upon these facts any ground upon which to charge defendants with liability. No permission was given by defendants to use the passageway; it was not necessary for plaintiff to use it for any of the purposes connected with his visit to the brewery or in getting slops; there was no closet or urinal there, and it was not used for such purposes. If he had an implied right to enter, sufficient to exclude the entry from being trespass, his right was no higher than that of a mere licensee, and he accepted the passage in the condition it then was and took upon himself whatever of risk there was in its use. This rule is recognized in the cases cited by plaintiff upon this motion (*Nicholson* v. *Erie Ry. Co.*, 41 N. Y. 525; *Larmore* v. *Crown Point Iron Co.*, 101 id. 391; *Barry* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 289; *Beck* v. *Carter*, 68 id. 283), and is reiterated in *Cusick* v. *Adams*, 115 N. Y. 55; *Sterger* v. *Van Sicklen*, 132 id. 505. Where there is an invitation to enter, either express or implied, or the person is enticed, induced or allured to enter upon the premises, the rule is different. An illustration is found in *Walsh* v. *Fitchburg R. Co.*, 22 N. Y. Supp. 441, and cases cited. Or where an affirmative act increases the danger and inflicts injury. *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577. These latter cases are without application, for here existed none of these conditions. Liability can only be predicated upon the violation of some legal duty which defendants owed to plaintiff, within the authority of the cases just cited, and upon

present facts defendants owed plaintiff no duty, in consequence of which no liability can attach. The exceptions should be overruled and the motion denied.

TITUS, Ch. J., concurs.
Exceptions overruled and motion denied.