MARGARET ROONEY vs. FRANK W. WOOLWORTH.

Third Judicial District, Bridgeport, April Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

The defendant, a store-keeper, left open a dark, unguarded areaway
in the rear of his store, knowing it was within the limits of a
public passway and in the direct line of some portion of the travel.
*Held :*—

1. That he was liable in damages to the plaintiff, who, while lawfully
using the passway and in the exercise of due care, fell into the
opening and was injured.

2. That it was immaterial, so far as the defendant's liability was con-
cerned, whether the plaintiff were to be regarded as at the scene
of the accident by the implied invitation of the defendant, or merely
as a licensee.

Argued April 13th—decided July 14th, 1905.

ACTION to recover damages for personal injuries alleged
to have been caused by the negligence of the defendant,
brought to the Superior Court in New Haven County and
heard in damages to the court, *Roraback, J. ;* facts found
and judgment rendered for the plaintiff for $4,500, and ap-
peal by the defendant. *No error.*

*Wilson H. Pierce*, for the appellant (defendant).

*John O'Neill*, for the appellee (plaintiff).

PRENTICE, J. The parties to this case were before this
court in a former action to recover damages for the same

injury as that described in the present complaint. *Rooney*
v. *Woolworth*, 74 Conn. 720. The negligent act of the de-
fendant complained of in that action was the maintenance
by the defendant of a dangerous means of exit from his store
to a passway, by means of a rear door by the use of which
the plaintiff was injured. Upon the trial of that cause upon
a hearing in damages, it became a material, if not controll-
ing, question, whether the plaintiff, who was in the store as
a customer, made use of this door under an implied invita-
tion from the defendant, or only as a licensee. The trial
court held that she used it under an implied invitation and
without negligence on her part, and rendered judgment for
the recovery of substantial damages. Upon the defendant's
appeal we held that upon the facts found the plaintiff's use
of the door was that of a licensee only, and accordingly
granted a new trial.

Upon the return of the case to the Superior Court, the
plaintiff withdrew it and instituted the present action. The
complaint in this action is framed upon a different theory
from that which underlay the former complaint. The de-
fendant is no longer charged with negligence in the mainte-
nance of his premises. The negligence is alleged to have
consisted in opening and leaving opened an unguarded and
unlighted areaway ten feet in depth within a public way,
into which opening the plaintiff, while lawfully using said
way in the exercise of due care, fell and was injured.
Upon the hearing in damages in this, the present action, the
court found certain facts which were not found in the first
case. Among these was the fact that the rear door in ques-
tion was kept open by the defendant at all times for the ac-
commodation and convenience of his customers at the store
and others who chose to come there on business. Had this
important fact, and others now found as to the extent, char-
acter, and continuance of the use of this door as a means of
ingress and egress for customers and others on business er-
rands, appeared in the first case, the question of the plain-
tiff's status in her use of the door, which became the deci-
sive one upon the appeal, would have presented a very differ-

ent aspect, so that we should quite likely have held that the trial court's conclusion, that the plaintiff was a user of the door under an implied invitation, was justified. *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528; *Sweeny* v. *Old Colony & N. R. Co.*, 10 Allen (Mass.) 368.

In the present case the trial court held that the plaintiff used the door as a mere licensee. Whether upon the facts found this conclusion was not unjust to the plaintiff, we need not inquire, since any error therein was one which necessarily operated to the defendant's great advantage.

The trial court further held that if the plaintiff as such licensee was guilty of any negligence in choosing this door for her egress, such negligence was not the proximate cause of her injury. This conclusion was so far one of fact that we cannot say upon the record before us that there was error in reaching it.

The court, therefore, in arriving at its judgment awarding substantial damages, eliminated everything which preceded the plaintiff's advent upon the passway. It found her there safely without the defendant's premises, and within the way, and based its conclusion of negligence on the part of the defendant solely upon his failure to perform the duty he owed to her as a traveler therein. Of this elimination of all antecedent and surrounding circumstances and conditions, which might have cast upon the defendant as an invitor a burden of duty with respect to a dangerous entrance from which the court held him wholly free, he certainly has no cause for complaint. Neither can he have cause for complaint if we approach the matter from the same point of view, than which none could be more favorable to him.

Adopting, therefore, for the purpose of testing the correctness of the defendant's claim of harmful error, this view of the relation between the plaintiff and the defendant which limits the plaintiff's right to recover substantial damages to a violation on the defendant's part of his duty to her regarded as a mere traveler in the way, we note that the facts disclose the following conditions: —

1. The plaintiff was using the way in the exercise of her

lawful right. It matters not what was the source of that right, or whether it was one which attached to the passway as a highway, as the plaintiff claimed and alleged, or one founded upon the express or implied invitation of the owner of the fee therein, or one arising from a mere license from such owner. The sufficient fact is that the plaintiff, as one of the unorganized public, was acting in the rightful enjoyment of the privilege of using the passway for foot travel which the public had enjoyed for substantially half a century. *Pomponio* v. *New York, N. H. & H. R. Co.*, 66 Conn. 528; *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577.

2. The defendant was fully aware of this use by the public, that it was a large use, and that the use included travel thereon to and from his store through the rear door by his customers and others who had business to transact there.

3. The condition of the passway which was the cause of the plaintiff's injury was not the normal or natural one. It had been created only a few hours prior to the accident, by the active agency of a servant of the defendant acting within the scope of his employment, and therefore in legal contemplation by his agency.

4. The condition thus caused was one which presented a dangerous pitfall, substantially hidden in the semi-darkness of the time and place, directly in the line of travel.

We have, then, a situation in which the defendant by his active agency placed a hidden pitfall in a way which to his knowledge the public were accustomed to travel on foot, and rightfully so, and not only that, but placed it in the known direct line of a portion of such travel, and in which the plaintiff, exercising her right as one of the public and walking where she lawfully might, was led into said pitfall to her injury.

Clearly the court was not in error in saying, as it did, that such a situation was one which disclosed a failure of duty on the part of the defendant. A finding that the plaintiff's selection of her route was due to the defendant's implied invitation could scarcely have added to the force of this conclusion upon the facts as found. *Pomponio* v. *New York, N.*

*H. & H. R. Co.*, 66 Conn. 528; *Corrigan* v. *Union Sugar Refinery*, 98 Mass. 577; *Oliver* v. *Worcester*, 102 id. 489; *Barry* v. *New York Central & H. R. R. Co.*, 92 N. Y. 289.

There is no error in the court's conclusion that the plaintiff's conduct, in her use of the way and in respect to the precautions which she exercised as she traveled it, was free from contributory negligence.

There is no error.

In this opinion the other judges concurred.