## PHIPPS v. OREGON R. & NAVIGATION CO.

(Circuit Court, E. D. Washington, E. D.)

No. 1,244.

RAILROADS—USE OF TRACK BY PEDESTRIANS—COMPANY'S LIABILITY FOR INJURIES.

One who, without objecting, knowingly, for a long time, permits the public to use his premises for the purpose of traveling across the same upon a well-established path cannot, without giving notice, render the same unsafe to the injury of those who have used such highway and have no notice of the changed condition without responding in damages for resulting injury. And where for 15 years the public used a railroad track in a city as a public walk with the railroad company's knowledge and permission and at its invitation, and plaintiff had so used it; and the track had been maintained in a safe condition for pedestrians; and on or about the day of plaintiff's injury the company removed earth from between the cross-ties and removed some of them, leaving the others fastened to the rails, thereby creating a dangerous excavation, which was left unguarded and unprotected in the nighttime and without lights, notice, or any warning to prevent those passing along from falling therein, and plaintiff in crossing the track, as he was accustomed to do in going and returning from his work, fell into the pitfall and was injured—it shows a cause of action in his favor against the company.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 41, Railroads, §§ 1228–1230.]

O. C. Moore, for plaintiff.

W. W. Cotton, Samuel R. Stern, and Snow & McCamant, for defendant.

WHITSON, District Judge. Defendant has demurred to the complaint upon two grounds. First. That the statute of limitations has barred the action, the same not having been commenced within two years. Upon the authority of Robinson v. Baltimore, etc., Mining Co., 26 Wash. 484, 67 Pac. 274, it must be held that the position is not well taken. Second. That the complaint does not state facts sufficient to constitute a cause of action.

It is alleged that the defendant had maintained for 15 years prior to August, 1903, a certain railroad track within the corporate limits of the city of Spokane, upon premises particularly described; that this track afforded the most direct route for pedestrians passing between a large residence district and the business portion of the city, and that persons passing back and forth had, for 15 years, openly, notoriously, and continuously, at all hours of the day and night, traveled upon and walked along the same as a public walk or highway, and that the plaintiff had so used it, in common with the public generally, for a long time prior to that date; that defendant, although fully advised, never objected, but on the contrary permitted and invited its use; that the track had been maintained in a safe condition so that passing pedes-trians would encounter no danger; that nevertheless, on or about the date aforesaid, the defendant, through its servants and agents, removed the earth from between and beneath a considerable number of the cross-ties, and removed some of the ties, leaving others fastened and clinging to the rails, thereby creating a dangerous excavation or pit-fall, which was left unguarded and unprotected in the nighttime, and without lights, notice, or warning of any kind to prevent those pass-ing along from falling therein; that the plaintiff in crossing said track, as he was accustomed to do in going to and returning from his work, fell into this pitfall and was injured.

Undoubtedly one who invites the public to come to his place of business owes a higher duty to persons entering upon his premises than one who silently acquiesces in travel across the same by failure to object; but the view founded in natural justice, which seems to have the approval of many authorities, is that one who knowingly, and for a long period of time, permits the public to use his premises with-out objection, for the purpose of traveling across the same upon a well-established and safe path or highway, cannot, without giving notice, render the same unsafe to the injury of those who have used such highway, and have no notice of the changed condition, without respond-ing in damages for resulting injury. Illinois Central R. Co. v. Wal-drop, 72 S. W. 1117, 1118, 24 Ky. Law Rep. 2127; Matthews v. Sea-board Air Line Ry., 67 S. C. 499, 46 S. E. 338–339, 65 L. R. A. 286; Rooney v. Woolworth, 78 Conn. 167, 61 Atl. 366, 367; Burton v. West-ern A. R. Co., 98 Ga. 783, 25 S. E. 736; Etheredge v. Central of Georgia Ry. Co., 122 Ga. 853, 50 S. E. 1003, 1004; Carskaddon v. Mills, 5 Ind. App. 22, 31 N. E. 559, 560; Graves v. Thomas, 95 Ind. 361–364, 48 Am. Rep. 727; Harriman v. Pittsburgh, C. & St. L. R. Co., 45 Ohio St. 11, 12 N. E. 451–459, 4 Am. St. Rep. 507; Thompson on Negligence, § 1015. Bennett v. Railroad Co., 102 U. S. 577, 26 L. Ed. 235, and Union Pacific Railroad Co. v. McDonald, 152 U. S. 262, 14 Sup. Ct. 619, 38 L. Ed. 434, cited by counsel, related to passen-gers, and are therefore not in point; but in Railroad Co. v. Stout, 84 U. S. 661, 21 L. Ed. 745, in referring to the rule applicable to tres-passers, it was said:

"There are no doubt cases in which the contrary rule is laid down. But we conceive the rule to be this: That while a railway company is not bound to the same degree of care in regard to mere trespassers who are unlawfully upon its premises that it owes to passengers conveyed by it, it is not exempt

from responsibility to such strangers for injuries arising from its negligence or from its tortious acts."

It is true this language was used in relation to the injury of an infant received while playing upon a turntable, and it cannot therefore be considered as a decision upon the identical question involved in this case; but by analogy the language throws some light upon the question.

Attention has been called to the case of McConkey v. Oregon R. & Nav. Co., 35 Wash. 55, 76 Pac. 526, as sustaining the position of the defendant. As applied to the facts of this case that decision is open to construction. The court on page 62 of 35 Wash., page 529 of 76 Pac., distinguishes Graves v. Thomas, 95 Ind. 361, 48 Am. Rep. 727, which certainly sustains the plaintiff's view, from the one before it. And the decision, fairly construed, would lead to the conclusion that in a case like the one at bar the holding would be for a liability upon the facts pleaded by the plaintiff. A brief quotation from the opinion will illustrate this suggestion:

"In Graves v. Thomas, 95 Ind. 361, 48 Am. Rep. 727, the public had by permission traveled on foot for years over an open city lot. It was held that, upon making a cellar excavation in the pathway, with a view to erecting a building, it was the owner's duty to put up some guard or warning for public protection. The court based its decision upon the ground that, for a long period, the public using a nearby sidewalk had been permitted to use the path where the plaintiff fell as a part of the sidewalk. Knowing that it had been for so long a time traveled as a sidewalk in a populous city, the defendant's conduct may well have been classified as wanton neglect."

While it is true that the authorities are in conflict, the better reasoned cases, and those based upon sound principle, support the theory upon which the complaint was framed.

The demurrer will therefore be overruled.