The plaintiff sued to recover damages for personal injuries received by the feme plaintiff, C. B. Monroe, under the following circumstances: On Sunday night, 14 June, 1903, the plaintiff was returning to her home from service at the Presbyterian Church, and, while walking through a vacant lot of the defendant, in the town of Fayetteville, fell into a pit and was severely and permanently injured, breaking her leg and some of her ribs, and otherwise injuring her. The path along which she was walking was about eight feet wide and was clearly defined. The path traversed diagonally an unused lot of the defendant, was unlighted at night, and furnished a nearer approach to plaintiff's residence. A large number of people used this path, and had been accustomed to use it for their convenience, by night and day, for more than two years prior to plaintiff's accident. The plaintiffs had been using it, both night and day, since the previous spring, and weeds and shrubs had grown up around the borders of the pit, that concealed it from sight, and the plaintiff C. B. Monroe did not know of its existence. The pit was left uncovered more than two years before plaintiff's injury, when a house for the repairs of engines was removed. It was near the path — so near that a person traveling the path and unaware of it might by a misstep fall into it, though the path diverged at this point from its course to go around the pit. It was several feet deep and its bottom was covered with logs.
The defendant offered no evidence, but moved the court to nonsuit the plaintiff, which motion was denied, and thereupon requested the judge to charge the jury to answer the first issue, No, which was *Page 364 
(375) refused, and further requested his Honor to charge the jury as follows: "The court charges you that, as a matter of law, the defendant owed the plaintiff no duty, except that it should not wantonly or willfully injure her, and there is no evidence in this case that the injury, if any there was, was done wantonly or willfully." This instruction was refused.
There was no exception to the charge of his Honor, and the case is presented upon the exception taken to the rulings of his Honor upon the questions as stated above.
The three issues, of defendant's negligence, plaintiff's contributory negligence, and damages, were submitted to the jury and answered in plaintiff's favor, and damages to the amount of $3,000 fixed. From the judgment rendered on the verdict defendant appealed.
After stating the case: The conclusion reached by us, after a most careful consideration of this case, is that the motion of the defendant to nonsuit the plaintiff, at the close of the evidence, ought to have been allowed, and in refusing it his Honor was in error. The principle controlling the decision of this case, and the doctrine generally accepted by the American and English courts, is stated with great clearness and precision by Bigelow, C. J., in Sweeney v. R. R., 10 Allen, 368; 87 Am. Dec., 644, as follows: "There can be no fault or negligence or breach of duty where there is no act or service or contract which a party is bound to perform or fulfill. All the cases in the books in which a party is sought to be charged on the ground that he has caused a way or other place to be encumbered or suffered it to be in a dangerous condition, whereby accident or injury have been occasioned to another, turn on the principle that negligence consists in doing or omitting to do an act by which a legal duty or obligation has been violated. Thus a trespasser who comes on the land of another, without right, can not maintain an action if he runs against a barrier or falls into an excavation there situated. The owner of the land is not bound to protect or provide safeguards for wrongdoers. So a licensee who enters on premises by permission only, without any enticement, allurement or inducement being held out to him by the owner or occupant, can not recover damages for injuries caused by obstructions or pitfalls. He goes (376) there at his own risk and enjoys the license, subject to its concomitant perils. No duty is imposed by law on the owner or occupant to keep his premises in a suitable condition for those who come there solely for their own convenience or pleasure, and who are not either *Page 365 
expressly invited to enter or induced to come upon them by the purpose for which the premises are appropriated and occupied, or by some preparation or adaptation of the place for the use by customers or passengers, which might naturally and reasonably lead them to suppose that they might properly and safely enter thereon." This doctrine has been approved by this Court in the following cases: Quantz v. R. R., 137 N.C. 136; Peterson v. R. R.,143 N.C. 260; McGhee v. R. R., 147 N.C. 142; Briscoe v.Lighting Co., 148 N.C. 396; Bailey v. R. R., 149 N.C. 169;Muse v. R. R., 149 N.C. 443. It has also been approved in the following decisions of other courts, and by the textbook writers: Gillis v. R. R.,59 Pa., 129; 98 Am. Dec., 317; Zoebish v. Tarbell, 10 Allen, 385; R. R. v.DeBoard, 91 Va. 700; R. R. v. Bingham, 29 Ohio State, 364; R. R. v.Griffin, 100 Ind. 221; Reardon v. Thompson, 149 Mass. 267; Rediganv. R. R., 14 L.R.A., (Mass.), 276; Burbank v. R. R., 4 L.R.A. (La.), 720; Benson v. Traction Co., 20 L.R.A. (Md.), 714; Manning v. R. R., 20 L.R.A. (W.Va.), 271; 3 Elliott on Railroads, secs. 1250, 1251; Wharton on Neg., sec. 351; 7 Thompson on Neg., secs. 945, 946, 947, 949; Whitaker's Smith on Neg., pp. 60, 61, 62, 63, and note. This doctrine is clearly distinguishable from that announced in Bunch v. Edenton, 90 N.C. 431, in which case it is held that liability exists where a pit is left open and unprotected so near a sidewalk or street that a person using the street, without concurring negligence, by misstep, falls into and is injured. This doctrine is also held in Beck v. Carter, 68 N.Y. 283; Graves v.Thomas, 95 Ind. 361; Lepnick v. Gaddis, 72 Miss. 200; 48 Am. St. Rep., 547; Grumlich v. Warst, 86 Pa. St., 741. Nor does the application of this principle protect from liability the owner of a lot or a railroad company who, with knowledge of the user of his property as a pathway across or along it, places, without warning to those likely to use the pathway, a new and dangerous pitfall or obstruction. This is illustrated by the cases of R. R. v. DeBoard, 91 Va. 700; Graves v.Thomas, 95 Ind. 361; Beck v. Thomas, 68 N.Y. 283; Burton v. R. R.,98 Ga. 783. This is further illustrated by this language of Wharton on Negligence, quoted in Graves v. Thomas, supra: "Nor am I justified in making excavations, either on the path which I have permitted other persons to traverse, or so near a public road that travelers, in the ordinary aberrations or casualties of travel, may stray or be driven over (377) the line and be injured by falling into the excavation." The same doctrine finds expression in those cases like Troy v. R. R.,99 N.C. 298; Byrne v. R. R., 104 N.Y. 362, where the defendant was held liable because of the act of active negligence, as contradistinguished from passive negligence. Nor does the principle held to be decisive of this case in any way contravene or impinge upon the doctrine illustrated *Page 366 
and applied in Finch v. R. R., ante, 105, and Brittingham v. Stadiem, ante, 299, and Phillips v. R. R., 124 N.C. 126. It must commend itself as based upon sound reason and just principle that an owner of property, knowing that his property is frequently used by a large number of people, and such use acquiesced in by him, can not, without giving warning, increase the peril and danger of such use, even though the use be solely for the convenience of those persons using it. They must, if they use it for their convenience, take it as they find it, with its concomitant perils, and at their own risk; but these perils should not be increased by the owner having knowledge of the use, without notice of the increased hazard. In the present case there was no increase of the danger or risk by any act of the defendant. The pathway was used by the public solely for its own convenience, to make less the distance, than by the streets, between two points. It was not used by the public in transacting any business with the defendant or in reaching its warehouse, office, station or any place where it invited the public dealing with it to come. There was nothing to attract attention on the lot or to invite the public to come upon it, even from curiosity. The buildings that had been on the lot had been removed for more than two years, and the lot was not used by the defendant for any purpose whatever that the evidence discloses. Under the authorities cited, the plaintiff was using the property at her own peril, and the defendant, upon the facts proven, violated no duty it owed her. While she was unfortunately injured and has suffered much in consequence of her injuries, it was her misfortune. For the reasons given, his Honor erred in not sustaining the motion of defendant to nonsuit the plaintiff.
Reversed.
Cited: Money v. Hotel Co., 174 N.C. 512.
(378)