JOHNSON, Respondent, v. GLASIER et al., Appellants.

(166 N. W. 154.)

(File No. 4226. Opinion filed January 18, 1918.).

1. **Negligence—Suit for Injury—Ditch Across Path, Duty to Protect—Verdict Controlling.**

Plaintiff, after delivering milk and butter at rear entrance of defendant hospital premises, in the night time, left the premises by another route; her testimony tending to show it to be a path usually traveled as a route to town, which path she had once before used; defendants' evidence tending to show the usually traveled path to town was at another place, at which it was protected where it crossed the ditch. **Held,**

in view of conflicting evidence, that it was not clear that defendants owed plaintiff no duty to protect the ditch at the point in question; and the verdict in her favor is controlling.

2. Same—Injury on Defendants' Premises—Plaintiff's Attendant on Premises by Invitation, Effect, re Plaintiff's Status.

Where the evidence showed that plaintiff, when entering defendants' hospital premises in the night time to deliver milk, was accompanied by one who was invited upon the premises by defendants, the same rule, as regards plaintiff's right to be there, should apply, as would apply to her attendant.

Appeal from Circuit Court, Roberts County. Hon. Thomas L. Bouck, Judge.

Action by Ovidje Johnson, against W. F. Glasier and C. M. Peterson, to recover damages for personal injuries. From a judgment for plaintiff, and from an order denying a new trial, de-defendants appeal. Affirmed.

*Howard Babcock,* and *C. R. Jorgenson,* for Appellants.

*E. J. Turner,* for Respondents.

(1) To point one of the opinion, Appellants cited: Dobbens v. M. K. & T. Ry. Co. 38 LRA 573.

Respondent cited: Railroad Company v. State, 33 Md. 542, Graves v. Thomas 95 (Ind.) 361.

(2) To point two of the opinions, Appellants cited: Murphy v. Brooklyn 118 (N. Y.) 575; Union Stock Yards v. Rourke 10 (Ill.) App. 474; Evansville v. Griffin 100 (Ind.) 221; Icenberg v. Mo. Pac. Ry. Co. 33 Mo. App. 85.·

Respondent cited: Corrigan v. Union Sugar Refining Co., 98 Mass 577; Barry v. N. Y. Cen. R. R. Co. 92 N. Y. 289; Hupfner v. National Distilling Co., 90 N. W. 191; 29 Cyc. 456; Sherman v. Redfield on Negligence, Sec. 706. case cited; Sherman v. Redfield on Negligence. Sec. 705, case cited.

GATES, J. Action for damages for personal injury sustained by plaintiff in falling into a ditch in the night time on defendants' premises. Judgment for plaintiff, and defendants appeal.

Defendants occupied the premises as a hospital. Plaintiff accompanied another person who delivered milk and butter at the rear entrance. Instead of returning by the path by which she came plaintiff went around the building and diagonally across the premises, and fell into a ditch that was being excavated. There is a dispute in the evidence as to whether at the place of injury

there was a path across the premises by which persons were in the habit of traveling between the town and the hospital. Defendants' evidence tends to show that the usually traveled path to the town was at another place, and that this was protected where it crossed the ditch.

[1] The evidence on behalf of plaintiff tended to show that the path followed by plaintiff was a usually traveled route to the town. Plaintiff testified that she had been at the hospital once before, and that she then saw a path leading across the lawn, and that it was this path which she followed when the accident occurred. In view of the conflict in the evidence we cannot say that it was clear that defendants owed no duty to plaintiff to protect the ditch at that point. Morrison v. Carpenter, 179 Mich. 207, 146 N. W. 106, Ann Cas. 1915D, 319; Beck v. Carter, 68 N. Y. 283, 23 Am Rep. 175; Barry v. N. Y. C. & H. R. R. Co., 92 N. Y. 289, 44 Am. Rep. 377; Graves v. Thomas, 95 Ind. 361, 48 Am. Rep. 727. The verdict of the jury is controlling upon this the principal point in the case.

[2] It is urged that plaintiff was not upon the premises by invitation of the defendants. It is clear that the person whom plaintiff accompanied was there by defendants' invitation. Shearman & Redfield, Neg. (5th Ed.) § 706; 29 Cyc. 456; Patten v. Bartlett, 111 Me. 409, 89 Atl. 375, 49 L. R. A. (N. S.) 1120. The same rule should apply to plaintiff who at night accompanied the person making the delivery of the butter and milk.

Finding no error in the record, the judgment and order appealed from are affirmed.