Jack Donnell GUINN, Plaintiff,

v.

Earl MURPHY and Pam
Murphy, Defendants.

No. 90–4129–S.

United States District Court,
D. Kansas.

March 30, 1992.

Eugene B. Ralston, Ralston, Buck & Associates, Topeka, Kan., for plaintiff.

Michael T. Halloran, Stephen D. Manz, Knipmeyer, McCann, Smith, Manz & Gotfredson, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the motion of defendants Earl and Pam Murphy for summary judgment (Doc. 24).

In this negligence action, plaintiff seeks to recover for injuries received during a fall while staying at the defendants' home on July 21, 1988. Plaintiff alleges that he was injured as a result of defendants' negligence in failing to warn him about the dangerous conditions of the stairs leading to the basement. Plaintiff does not allege willful and reckless behavior.

In defendants' motion for summary judgment, the defendants contend that plaintiff was not an invitee on the date of the accident. Defendants further contend that because plaintiff was not an invitee on the date of the accident, they owed no duty at law to plaintiff other than the duty to avoid willfully, intentionally or recklessly injuring plaintiff. Plaintiff contends, that he was an invitee at the time of his fall and that regardless of plaintiff's status as a licensee or invitee, defendants were actively negligent in failing to maintain a proper lock on the door leading to the basement, and in failing to warn him about the stairway. Thus, plaintiff contends, defendants are not entitled to judgment as a matter of law.

A moving party is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. Fed.R.Civ.P. 56(c); *Maughan v. SW Serv., Inc.*, 758 F.2d 1381, 1387 (10th Cir.

1985). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact. This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.* The court must consider factual inferences tending to show triable issues in the light most favorable to the existence of those issues. *United States v. O'Block*, 788 F.2d 1433, 1435 (10th Cir.1986). The court must also consider the record in the light most favorable to the party opposing the motion. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985).

For purposes of the present motion, the court finds the following facts have been established. Plaintiff and defendants had been acquainted for approximately 20 years. Defendant Earl Murphy's brother is married to plaintiff's sister. Defendant Pamela Murphy, Earl Murphy's wife, had sold jewelry at various temporary locations on a periodic basis in the past. Plaintiff Guinn sold tools on an occasional basis at various locations. On the morning of July 21, 1988, plaintiff met up with defendant Earl Murphy in Anderson, Missouri. Earl Murphy was in town to visit his father who was hospitalized in a nursing home in Anderson, Missouri. At some point during the day, plaintiff Guinn decided to travel with defendant Earl Murphy to Baldwin City, Kansas. Plaintiff allegedly intended to sell tools the next day at a flea market with his father in Kansas City.

Throughout the day, including the drive to Baldwin City, plaintiff consumed vodka in large enough quantities to intoxicate him. Sometime later, plaintiff and defendant Earl Murphy arrived in Baldwin City, Kansas. Plaintiff had never been to this particular home of defendants, although he had visited defendants on other occasions. Defendant Pam Murphy showed plaintiff the bedroom where he was to sleep. However, due to plaintiff's intoxicated state, he fell asleep on the couch. At some point later, plaintiff awoke to use the restroom. Unfortunately, plaintiff opened the door which led to the basement rather than the door to the bathroom. Plaintiff fell down the stairs and suffered a major head injury.

The door leading to the stairwell into the basement opens inward toward the stairs. The door contains a lock; however, the lock operates from the hallway so that it will prevent the door from being opened from the stairwell, but will not prevent the door from being opened from the upstairs hallway. The landing at the top of the stairs is approximately 12 to 18 inches wide. At the time of the accident, there were no handrails on either side of the stairs, nor was there a light in the stairwell. Rather, the only light in the immediate vicinity was in the hallway.

The court finds the following facts to be contested. The parties contest whether plaintiff could have passed by the basement door on the way to the restroom from the living room and whether defendants had left a light on in the bathroom, as allegedly was their custom. Plaintiff contends that he was offered a place to stay in exchange for allowing defendants Earl and Pam Murphy room to sell jewelry the following day at the flea market where plaintiff had intended to sell tools with his father. Defendants contend that they were not in the business of selling jewelry at the time of the accident and that defendant Pam Murphy had sold all of her jewelry several weeks before the accident. Defendants further contend that they had not

offered plaintiff a place to stay in exchange for the opportunity of selling jewelry at the flea market with defendant. Thus, defendants contend, plaintiff was not staying at their home as an invitee, but was a social guest or mere licensee under Kansas law.

■ The duty owed to plaintiff under the Kansas common-law premises liability doctrine hinges upon the status of the plaintiff at the time of the alleged injury. *Bowers v. Ottenad*, 240 Kan. 208, 729 P.2d 1103, 1105 (1986). Under Kansas law, if plaintiff is classified as an invitee, defendants owe plaintiff the duty to exercise ordinary care. *Graham v. Loper Elec. Co.*, 192 Kan. 558, 389 P.2d 750, 753 (1964). This duty would include the duty to warn the invitee about any danger which may be reasonably anticipated. *Graham*, 389 P.2d at 753. Further, the owner is:

> charged with the duty of exercising reasonable care to keep the premises in reasonable safe and suitable condition so as to avoid injury to an invitee or of warning an invitee of concealed perils of which the owner or occupant knows or should know by the exercise of reasonable diligence.

*Id.*

In contrast, if plaintiff is classified as a mere licensee, the defendant owners owe the duty to refrain from willfully, wantonly, or recklessly injuring him. *Duckers v. Lynch*, 204 Kan. 649, 465 P.2d 945, 947 (1970). Thus, injury to a licensee resulting from the owner's negligence will not subject the owner to liability. *Id.* The underlying rationale for this distinction is that, unlike the invitee, "the licensee takes the premises as he finds them and assumes all risks incident to their condition." *Id.* An exception to this common-law doctrine has recently been discussed and was reinstated by the Kansas Supreme Court in *Bowers*, 729 P.2d at 1107 (discussing *Montague v. Burgerhoff*, 150 Kan. 217, 92 P.2d 98 (1939)). This exception provides:

> If an owner, while the licensee is upon the premises in the exercise of due care, is affirmatively and actively negligent in the management of his property or business, as a result of which the licensee is subjected to increased hazard and danger, the owner will be liable for injuries sustained, as a result of such active and affirmative negligence ...

*Bowers*, 729 P.2d at 1107–08 (quoting *Brigman v. Fiske–Carter Constr. Co.*, 192 N.C. 791, 794–95, 136 S.E. 125 (1926)).

■ "Whether a person is on property as a licensee or an invitee depends on the facts and circumstances of each particular case." *Graham*, 389 P.2d at 754. Generally, an invitation may be implied if there is some relationship inuring to the benefit of both the injured party and that of the occupier of the premises. *Id.* (citing *Bessette v. Ernsting*, 155 Kan. 540, 127 P.2d 438 (1942)). Further, in cases where the status of the injured party is unclear due to conflicting evidence and reasonable inferences derived therefrom, it becomes the duty of the jury to determine whether the injured party is a licensee or an invitee. *Weil v. Smith*, 205 Kan. 339, Syl. ¶ 5, 469 P.2d 428, 430 (1970).

Viewing the record in the light most favorable to the plaintiff, the court finds that a genuine issue of material fact exists with respect to whether plaintiff was an invitee or a licensee at the time of the accident. Specifically, the court finds that a genuine issue of material fact exists in regard to whether plaintiff was offered a place to stay in exchange for allowing defendants to sell jewelry at the flea market in Kansas City. Such an arrangement could be inferred to bestow a mutual benefit on the parties which would provide plaintiff the status of invitee. Thus, because the court finds that an issue of material fact exists regarding whether plaintiff was a licensee or an invitee at the time of the alleged accident, the court will deny defendant's motion for summary judgment on this issue.

■ However, with respect to whether defendants may be held liable to plaintiff for negligent conduct, if plaintiff is determined to be a mere licensee, the court finds that defendants are entitled to summary judgment on this limited issue. Specifically, the court finds that notwithstanding the Kansas Supreme Court's recognition and

**528**

reinstatement of the "active" negligence exception to the common-law doctrine of premises liability, *see Bowers*, 729 P.2d at 1107, the uncontroverted facts present a situation of "passive" negligence. Under *Bowers*, unless the court finds that some affirmative activity on the part of the property owner is presented, the doctrine of active negligence is not available. 729 P.2d at 1106. Indeed, the court specifically stated, "[w]hen the injury arises out of a condition of the premises, the occupier merely must refrain from willfully or wantonly injuring plaintiff." *Bowers*, 729 P.2d at 1113.

The facts of this case unequivocally present a situation in which plaintiff's injury arose out of a condition of the premises, rather than some affirmative negligent conduct on the part of defendants. Unlike the facts of *Bowers* in which the defendant hosts were held to be liable for the negligent preparation of flaming drinks suffered by a social guest during the negligent preparation of flaming Irish coffees, the defendants in the instant case are at most passively negligent for maintaining somewhat dangerous conditions on their premises. Thus, the "active" negligence exception is not available under the instant set of facts.

The court further notes that the cases in which Justice Fatzer dissented and on which plaintiff bases his arguments that defendants should be held liable involved situations of similar passive negligence. *See Lemon v. Busey*, 204 Kan. 119, 461 P.2d 145 (1969); *Duckers*, 465 P.2d 945; and *Ralls v. Caliendo*, 198 Kan. 84, 422 P.2d 862 (1967). Although the Supreme Court cited and referred to Justice Fatzer's concurring and dissenting opinion in *Ralls*, that case involved some active negligence on the part of defendants because the defendants had either spilled water or dropped ice on their kitchen floor. Thus, the defendants had committed an affirmative negligent act. This court is of the opinion that the Kansas law still requires some affirmative negligent activity on the part of the homeowner in order to find defendants liable to a mere licensee. Indeed, in *Bowers*, the Kansas Supreme

Court stated that the "active" negligence exception refers to "actions of the defendant occupier, as opposed to the conditions of the land." 729 P.2d at 1113. For a collection and discussion of cases distinguishing between passive and active negligence, see 62 Am.Jur.2d *Premises Liability* § 171–73 (1990). Accordingly, the court will grant in part, and deny in part, defendants' motion for summary judgment.

IT IS BY THE COURT THEREFORE ORDERED that the defendants' motion for summary judgment is granted in part, and denied in part, consistent with the above Memorandum and Order.